UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

ANDRES GOMEZ,

    Plaintiff,

v.

TYR SPORT, INC.

    Defendant

## COMPLAINT

COMES NOW Plaintiff Andres Gomez, by and through his undersigned counsel, hereby sue Defendant TYR Sport, Inc. for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. Part 36 and allege as follows:

### INTRODUCTORY STATEMENT

1. Plaintiff bring this action in Federal Court to stop the marginalization of blind, vision impaired, and low vision patrons of Defendant TYR Sport, Inc.'s website, the Defendant operates within the jurisdiction of this court and throughout the United States of America, where the groundbreaking civil rights law "the American with Disabilities Act" has been the law of the land for over twenty-six years.

2. In a world of increasing number of low vision and blind individuals that is

1

expected to double by 2050, it is essential that low vision and blind individuals are not excluded from society and segregated in area of web commerce.

3. This is an action to put an end to civil rights violations committed by Defendant TYR Sport, Inc. against individuals with disabilities who are visually impaired and who cannot access and comprehend the internet and the websites that operate therein without the aid of assistive technology.

4. This case arises out the fact that Defendant TYR Sport, Inc. has operated its business in a manner and way that completely excludes individuals with disabilities who are visually impaired from enjoying and visiting Defendant TYR Sport, Inc.'s place of public accommodation, namely the its website www.tyr.com ("website").

5. Defendant TYR Sport, Inc. (also referenced as "Defendant") is a manufacturer of its own brand of competitive swim and triathlon apparel and gear under the brand name "TYR." TYR Sport, Inc.'s brand apparel and gear is sold to the general public through athletic specialty stores, department stores, hotel gift shop/stores, and other specialty retailers.

6. Since the website provides a site locator to retailers (places of public accommodation) who carry/sell TYR brand swim and triathlon apparel and gear, the website www.tyr.com has a true nexus to the places of public accommodation that offer for sale the Defendant's TYR brand swim and triathlon apparel and gear to the general public.

## JURISDICTION & VENUE

7. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C.

§1331, and 28 C.F.R. § 36.201.

8. This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for services to order TYR merchandise online.

9. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant resides in this District, the Defendant transacts business in this District, and the acts constituting the violation of the ADA occurred in this District.

10. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

11. Plaintiff Andres Gomez ("Plaintiff Gomez") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

12. Plaintiff Gomez suffers from what constitutes a "qualified disability" under the ADA. Plaintiff Gomez is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance. The Plaintiff's disability is defined in 42 U.S.C. §12012 (1)(A) and in 42 U.S.C. 3602, §802(h).

13. Defendant TYR Sport, Inc. (also referenced as Defendant) is a manufacturer of the TYR brand of competitive swim and triathlon apparel, which sells its merchandise through local retailers and sells direct to the general public through its website, www.tyr.com.

3

14. The Defendant's website www.tyr.com is available to the general public who reside within the state of Florida, including Plaintiff Andres Gomez. Further, members of the general public such as the Plaintiff Andres Gomez, can purchase the TYR brand merchandise through the www.tyr.com website and the purchased merchandise is delivered to the general public within the jurisdiction of this court.

15. As such, Defendant TYR Sport, Inc. is conducting business within the State of Florida and within the jurisdiction of this court.

**FACTS**

16. The Defendant's website www.tyr.com ("website") is offered to provide the general public information including but not limited to information on the various retailers who offer for sale TYR brand merchandise by providing the name of the retailers and the physical retail store locations throughout the United States and within the state of Florida.

17. Since the Defendant's website allows the general public the ability to locate one of the many retailers who offer for sale to the general public TYR brand merchandise, the website has a direct nexus between the website and the retail outlets who sell TYR merchandise. Hence, the website is also characterized as a place of public accommodation; 42 U.S.C. § 12181(7)(E).

18. Besides serving as a site locator for the purchase of TYR merchandise from local retailers, the website also allows the general public access to purchase online the full line of TYR brand merchandise which consists of competitive swim and triathlon gear (swimwear, goggles, nose plugs, fins, paddles, floats, etc.). As such, The Defendant is defined as a "public accommodation" because it is an entity which owns and operates a

website which serves as a retail store under the brand name "TYR." Thus, the website www.tyr.com is a "Place of Public Accommodation" which is defined as [A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104. (2). The website www.tyr.com is a sales establishment, thus is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. Part 36.

19. This means that the website www.tyr.com must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public. As such, the Defendant has subjected itself and the website it has created and maintains, to the Americans with Disabilities Act ("ADA").[1]

20. Plaintiff Gomez is a customer who is interested in purchasing TYR brand merchandise which is offered through the Defendant's website www.tyr.com.

21. Plaintiff Gomez frequently utilizes the internet. In order to comprehend information available on the internet and access/comprehend websites, Plaintiff Gomez uses commercially available screen reader software to interface with the various websites.

22. In order to comprehend the Defendant's website and to become informed of the Defendant's TYR brand merchandise (which other plaintiffs may order online), Plaintiff Gomez must use screen reader software.

---

[1] "*The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities*." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

23. In June, 2016, while in his residence in Miami-Dade County the Plaintiff attempted to utilize the Defendant's www.tyr.com website to browse through the merchandise with the intent of making a purchase. The Plaintiff utilizes JAWS Screen Reader software (hereinafter referenced as "screen reader software"), which is the most popular screen reader software utilized worldwide as it allows individuals who are visually impaired to comprehend information available on the internet and access websites.

24. However, the Defendant's website did not integrate with Plaintiff's screen reader software, nor was there any function within Defendant's website to permit access for visually impaired through other means.

25. Plaintiff Gomez continues to desire to patronize the Defendant's website, but is unable to do so as he is unable to comprehend the Defendant's website, thus he will continue to suffer irreparable injury from the Defendant's intentional acts, policies, and practices set forth herein unless enjoined by this Court.

26. The Defendant's website did\does not offer an adequate system to permit a disabled person with a visual impairment (who requires screen reader software) to comprehend its website in an effective manner.

27. The Defendant's website is\was not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the website is offered to the general public.

28. The Defendant's website is\was so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the website

6

contains barriers that prevent full and equal use (of the website) by individuals with disabilities who are visually impaired.

29. On information and belief, the Defendant has not designated an employee as a Web Accessibility Policy to insure full and equal use of its website by individuals with disabilities.

30. On information and belief, the Defendant has not instituted a Web Accessibility Committee to insure full and equal use of its website by individuals with disabilities.

31. On information and belief, the Defendant has not designated an employee as a Web Accessibility Coordinator to insure full and equal use of its website by individuals with disabilities.

32. On information and belief, the Defendant has not instituted a Web Accessibility User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

33. On information and belief, the Defendant has not instituted a User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

34. On information and belief, the Defendant has not instituted a Bug Fix Priority Policy.

35. On information and belief, the Defendant has not instituted an Automated Web Accessibility Testing program.

36. On information and belief, the Defendant has not created and instituted a

Specialized Customer Assistance line, nor service, or email contact mode for customer assistance for the visually impaired.

37. On information and belief, the Defendant has not created and instituted on its website a page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how the Defendant will have its website, Applications, and Digital Assets accessible to the visually impaired community.

38. On information and belief, Defendant's website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[2]

39. Thus, the Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages and accommodations provided by and through its website www.tyr.com.

40. Under the ADA, all places of public accommodation must ensure that the disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services and sales policies and procedures.

41. Public Accommodations that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

42. For many individuals with disabilities who are limited in their ability to travel outside their home, the internet is one of the few available means of access to the goods and services in our society. The broad mandate of the ADA to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects

---

[2] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

of American civic and economic life. That mandate extends to internet websites, such as the Defendant's website.

43. On information and belief, the Defendant is aware of these common access barriers within its website which prevent individuals with disabilities who are visually impaired from the means to comprehend its website to become informed of its TYR brand merchandise available for purchase online at www.tyr.com and available for purchase at various locations throughout Miami-Dade County.

44. Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

45. Such barriers result in punishment and isolation of blind and low vision from the rest of society.

46. Thus, the Defendant has refused to make its website accessible to individuals with disabilities who are visually impaired.

47. Enforcement of the Plaintiff's rights is right and just pursuant to 28 U.S.C. §§s 2201, 2202.

48. The Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

49. Plaintiff Gomez re-allege and incorporate by reference the allegations set forth in ¶¶s 1-48 above.

50. The Department of Justice has long taken the position that both State and local government websites and the websites of private entities that are public

accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities[3].

51. As a result of the inaccessibility of the Defendant's www.tyr.com website and by the barriers to access within its website (when removal of those barriers is readily achievable), the Defendant has denied individuals with disabilities who are visually impaired full and equal enjoyment of the information and services that the Defendant has made available to the general public on its website www.tyr.com, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

52. Pursuant to 42 U.S.C. §12181(7)(E), www.tyr.com (the Defendant's website) is a *place of public accommodation* under the ADA because it provides the general public with the ability to purchase TYR brand merchandise online (while it also serves to assist the general public in locating local retailers who carry TYR brand merchandise).

53. As such, the Defendant's website must be in compliance with the ADA. However, the Defendant's website is\was not in compliance with the ADA. Plaintiff Gomez has suffered an injury in fact because of the website's (and Defendant's) non-compliance with the ADA.

**Website Non-Compliance:**

54. Types of website programming errors include (but are not limited to) *Programming Error Types* ("PETs"), which are easily identifiable and correctable, and

---

[3] See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

*Programing Alert Error Types* ("PATs"), which are prone to making the website inaccessible.

55. A sampling review of just part of the Defendant's website revealed that the website is not functional for users who are visually impaired. The Defendant's website contains several types of PETs (easily identifiable and correctable), which occur throughout the website such as:

1) The language of the document is not identified,
2) Image alternative text is not present, and
3) A form control does not have a corresponding label.

56. Further, the Defendant's website contains various types of PATs (prone to making the website inaccessible), which occur throughout the website, such as:

1) Alternative text is likely insufficient or contains extraneous information,
2) An event handler is present that may not be accessible,
3) A heading level is skipped,
4) Flash content is present,
5) Adjacent links go to the same URL,
6) A link contains no text, and
7) Alternative text is likely insufficient or contains extraneous information.

**PDF Non-Compliance:**

57. Through its webserver/website, the Defendant sends mass promotional mailings via email. The promotional mailings are sent with embedded pdf files with photos and text of special sales items. These promotion mailings sent by the Defendant and linked to the website are not readable with the assistance of screen reader software. Thus the Plaintiff is unable to comprehend and access the information.

**Website and PDF Non-Compliance:**

58. More violations may be present on other pages of the website, and they

will be determined and proven through the discovery process.

59. Further, the Defendant's website did\does not offer include the universal symbol for the disabled[4] which would permit disabled individuals to access the website's accessibility information and accessibility facts.

60. Therefore, due to the Plaintiff's disability and the Defendant's failure to have its website adequately accessible to individuals with visual impairments, the Plaintiff was unable to comprehend the Defendant's website.

61. The Defendant has violated the ADA (and continues to violate the ADA) by denying access to its website, www.tyr.com, to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites. These violations within the www.tyr.com website are ongoing.

62. As a result of the Defendant's inadequate development and administration of www.tyr.com, Plaintiff Gomez is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

63. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Gomez injunctive relief; including an order to:

  a) Require Defendant TYR Sport, Inc. to adopt and implement a web accessibility policy to make publically available and directly link from the homepage of www.tyr.com to a statement as to TYR Sport, Inc.'s policy to ensure persons with disabilities have full and equal enjoyment of the

---

[4] , or Accessibility HTML link for those individuals who are visually impaired

        services, facilities, privileges, advantages, and accommodations through its website, and

    b) Require Defendant TYR Sport, Inc. to cease and desist discriminatory practices and if necessary to cease and desist operations of the website known as www.tyr.com until the requisite modifications are made such that its website becomes equally accessible to persons with disabilities.

64. Plaintiff Gomez has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant TYR Sport, Inc.

WHEREFORE, Plaintiff Andres hereby demand judgment against Defendant TYR Sport, Inc. and request the following injunctive and declaratory relief:

    a) The Court issue a declaratory judgment that Defendant TYR Sport, Inc. has violated the Plaintiff's rights as guaranteed by the ADA;

    b) The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant TYR Sport, Inc. from operating its website www.tyr.com without adequate accommodation for the visually impaired community;

    c) The Court enter an Order requiring Defendant TYR Sport, Inc. to update website to remove barriers in order that individuals with visual disabilities can access the website to the full extent required by the Title III of the ADA;

    d) The Court enter an Order requiring Defendant TYR Sport, Inc. to clearly

display the universal disabled logo[5] within its website, wherein the logo would lead to a page which would state TYR Sport, Inc.'s accessibility information, facts, policies, and accommodations. Such a clear display of the disabled logo is to insure that individuals who are disabled are aware of the availability of the accessible features of website www.tyr.com;

e) The Court enter an order requiring Defendant TYR Sport, Inc. to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

f) The Court enter an Order directing Defendant TYR Sport, Inc. to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the website known as www.tyr.com.

g) The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff; and

h) That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 14th day of June, 2016.

Respectfully submitted,

s/Scott Dinin
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*

---

[5]